1  Michael T. Harrison (SBN 158983)
   Mharrison30@aol.com
2  25876 The Old Road #304
   Stevenson Ranch, CA 91381
3  Telephone: (661) 257-2854
   Facsimile:  (661) 257-3068
4
   Attorneys for Plaintiff
5  MARSI ZINTEL

6  Paul J. Hall, Esq. (SBN 66084)
   phall@nixonpeabody.com
7  Brian J. Smith, Esq. (SBN 257827)
   bjsmith@nixonpeabody.com
8  NIXON PEABODY LLP
   One Embarcadero Center, 18th Floor
9  San Francisco, CA  94111-3600
   Telephone:  (415) 984-8200
10 Facsimile:  (415) 984-8300

11 Attorneys for Defendant
   REGAL ENTERTAINMENT GROUP
12

13                   UNITED STATES DISTRICT COURT

14                  CENTRAL DISTRICT OF CALIFORNIA

15                         SOUTHERN DIVISION

16

| | |
|---|---|
| 17  MARSI ZINTEL, individually and on behalf of all others similarly situated, | Case No.: CV 09-01393 (DOC) (RNBx) |
| 18              Plaintiff, | **CLASS ACTION** |
| 19       vs. | **JOINT REPORT OF CONFERENCE PURSUANT TO FED. R. CIV. P. 26(f)** |
| 20  REGAL ENTERTAINMENT GROUP, | Date:       May 3, 2010 |
| 21              Defendant. | Time:       8:30 a.m. |
| 22  | Courtroom: 9-D |
|     | 411 West Fourth Street, Room 1053 |
| 23  | Santa Ana, CA 92701-4516 |
| 24  | Complaint Filed: July 28, 2009 |
| 25  | Honorable David O. Carter |

26       Plaintiff Marsi Zintel ("Plaintiff"), individually and on behalf of all others

27  similarly situated, and Defendant Regal Entertainment Group ("Defendant") have

28  / / /

conferred pursuant to the Court's Scheduling Order of December 28, 2009, and Fed. R. Civ. P. 26(f). Counsel for the parties submit this report based upon that meeting.

## I. JURISDICTION

Plaintiff filed this action in the District Court for the Central District of California, Western Division on July 28, 2009. The case was assigned to Honorable Christina A. Snyder. This action was then transferred to the Southern Division by stipulation and order, pursuant to General Order 98-03, on December 1, 2009. Plaintiff alleges subject matter jurisdiction based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693 *et seq.* Jurisdiction is not disputed.

## II. SUMMARY OF FACTS AND ISSUES

Plaintiff alleges that in violation of federal law, Defendant Regal Entertainment Group ("Defendant") charged her, and similarly situated individuals for whom she seeks certification as class representative, a transaction fee for usage of an alleged Defendant-owned/operated Automated Teller Machine (ATM) located at a movie theater at 26701 Aliso Creek Road, Aliso Viejo, California. Plaintiff alleges that Defendant's transaction fees were unlawful because they were charged during a period when Defendant failed to post on-machine notice of ATM transaction fees in compliance with the fee-notice requirements of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq* (the "EFTA"). Plaintiff seeks statutory damages, costs and legal fees as permitted by the EFTA.

Defendant filed its Answer and Affirmative Defenses on November 23, 2009. Defendant denies liability.

## III. AMENDMENT OF PLEADINGS

Plaintiff and Defendant do not plan any amendments to the pleadings nor the addition of any new parties. If there is a need to join other parties or amend pleadings, the parties will seek leave of Court to do so within 60 days of this report.

/ / /

/ / /

## IV. MOTION PRACTICE

Other than the stipulated transfer to the Southern Division, no motions have been filed by Plaintiff or Defendant. Judge James V. Selna declined to accept a transfer this case to his calendar on March 3, 2010.

Should the case not settle (see item 5, below), Plaintiff will move for class certification and may move for summary judgment.

Defendant will oppose class certification and summary judgment, contending that there are individual issues of knowledge, reliance and causation.

## V. SETTLEMENT DISCUSSIONS

The parties have been in direct settlement negotiations, without a mediator, and have already exchanged relevant data. The parties anticipate a settlement resolution before the date of the initial scheduling conference on May 3, 2010.

## VI. DISCOVERY

Plaintiff and Defendant have engaged in informal discovery and voluntary exchange of information. To date no formal written discovery has been served. The parties are scheduled to make initial disclosures on April 26, 2010. The parties are negotiating a settlement and believe that a proposed agreement will be reached prior to filing initial disclosures.

In the event that the case were not settled, Plaintiff would plan to take a Rule 30(b)(6) person most knowledgeable deposition from Defendant, including related production of documents, and Defendant would plan to take Plaintiff's deposition, with related production of documents.

In the event that a class were certified, Defendant would take the depositions of a sampling of class members. This discovery could be accomplished within 90 days following the end of the opt-out period for class members.

/ / /

/ / /

/ / /

## VII. TRIAL ESTIMATE

Plaintiff has made a demand for jury. The parties estimate that a jury trial could be completed within the four day time period specified in the Court's Order Setting Scheduling Conference.

## VIII. OTHER ISSUES

At this time the parties are not aware of issues beyond those outlined above.

## IX. PRE-TRIAL AND TRIAL DATES

The parties propose the following post-certification trial-related dates should the Court grant class certification. If class certification were denied, the parties recognize that the trial-related schedule could move on a faster time frame.

Motion for class certification: to be filed by June 7, 2010. (The following discovery, motion and trial schedule allows time for determination of class certification, class notice, opt-outs, and formation of the class if class certification were granted.)

Discovery cutoff: November 1, 2010.

Last date for hearing of motions: December 20, 2010.

Final pretrial conference: February 28, 2011.

Trial date: April 19, 2011.

## X. COMPLEX DESIGNATION AND THE MANUAL

At this time, the parties do not believe this case is complex and decline to incorporate the procedures set forth in the Manual for Complex Litigation.

## XI. ECF

Lead Trial Counsel for Plaintiff and the potential class, Michael T. Harrison, has registered as an ECF user and his e-mail address of record is mharrison30@aol.com.

///

///

///

///

1  Lead Trial Counsel for Defendant, Paul J. Hall, has registered as an ECF user
2  and his e-mail address of record is phall@nixonpeabody.com.

DATED: April 19, 2010              Respectfully submitted,

/s/ _____
Michael T. Harrison
LAW OFFICES OF MICHAEL T. HARRISON
25876 The Old Road, #304
Stevenson Ranch, California 91381
T: (661) 257-2854
F: (661) 257-3068

**Attorneys for Plaintiff**


/s/ _____
Paul J. Hall
Brian J. Smith
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
T: (415) 984-8200
F: (415) 984-8300
phall@nixonpeabody.com
bjsmith@nixonpeabody.com

**Attorneys for Defendant**